Argued and submitted February 6, 1987, reversed and remanded with instructions
February 10, 1988

**STILGER,**
*Petitioner,*

*v.*

**ADULT AND FAMILY SERVICES DIVISION,**
*Respondent.*

(No. D4-2501-A00280-4; CA A39867)

749 P2d 1204

Penny L. Davis, Portland, argued the cause for petitioner. With her on the brief were Michael H. Marcus and Legal Aid Service, Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Claimant seeks review of an order of Adult and Family Services (AFS) which denied her Medicaid benefits from March 28, 1985, to June 9, 1985.

Claimant is an epileptic. She has frequent seizures which cannot be controlled by medication. On April 16, 1985, she filed a claim with the Social Security Administration (SSA) for Supplemental Security Income (SSI), which is a federally funded cash assistance program available to aged, blind and disabled individuals. A person who receives SSI is "categorically needy" and automatically eligible for Medicaid, a state administered medical assistance program jointly funded by the state and federal governments. On May 20, 1985, claimant went to an AFS office to apply for Medicaid and was told to come back the next day. When she returned on May 21, 1985, an employe told her that it would not accept her application until SSA had approved her SSI claim.

On August 28, 1985, SSA determined that claimant met its income and disability requirements, effective March 28, 1985, and was eligible from that date for SSI. Claimant then reapplied for Medicaid and AFS approved her claim on September 9, 1985. She received assistance, retroactive 90 days to June 9, 1985, the maximum retroactivity available. OAR 461-05-923.[1]

Claimant requested a hearing. She asserted that she was entitled to Medicaid benefits beginning March 28, 1985, that AFS wrongfully prevented her from applying for benefits on May 21, 1985, and that benefits should be awarded retroactively from that date. AFS denied her claim, and she sought judicial review. AFS then withdrew its order. On reconsideration, it agreed that claimant had applied for Medicaid on May 21, 1985. However, AFS reasoned that, in any event, her application would have been denied on July 20, 1985, because

---

[1] OAR 461-005-923(1) provides:

"When an applicant has been determined to be currently eligible for Medicaid, either as a categorically or medically needy person (except for meeting a spend-down requirement), eligibility for medical assistance during the three months preceding the request for assistance shall be determined, either as a categorically or medically needy person, if the applicant indicates he/she has unpaid medical bills."

it believed that its own rules required that it determine eligibility "within 45 days from the date of request for assistance," OAR 461-03-075(1),[2] and SSA did not determine that claimant was eligible for SSI until August 28, 1985. Accordingly, AFS concluded that claimant's date of application for determining retroactivity remained September 9, 1985, and it reaffirmed its previous award of benefits from June 9, 1985, only. Claimant again sought review.

AFS erred. Oregon participates in the federally created Medicaid program; it must comply with federal guidelines to receive matching funds.[3] *See generally* 42 USC § 1396c, 42 CFR § 430.0. Accordingly, state law includes in the definition of "categorically needy" any individual who "is required by federal law to be included in the state's medical assistance program in order for that program to qualify for federal funds." ORS 414.025(2)(p). An administrative rule also provides that administration of the program must be consistent with federal guidelines:[4]

"Public Assistance programs are administered by the Adult and Family Services Division to supplement the income and resources of needy individuals and children within:

"(1) The guidelines established by state and/or federal legislation for the programs." OAR 461-04-000.

In this case, AFS could have taken action under its own rules that was consistent with federal guidelines. OAR 461-03-075(2)(c) provides that AFS may extend the 45-day deadline if the delay is caused by circumstances "which are

---

[2] OAR 461-03-075 provides:

"(1) The branch office shall determine eligibility for financial and medical assistance within 45 days from the date of request for assistance. * * *

"(2) The 45-day period may be extended only when:

"* * * * *

"(b) A decision on disability/incapacity/unemployability has not been received from the Medical Review Team.

"(c) Circumstances exist which are not subject to the control of the applicant or agency."

[3] AFS concedes that its rules must be consistent with federal law.

[4] The Medicaid statute, Title XIX of the Social Security Act, sets the limits for the administration of state Medicaid programs. 42 UCS § 1396a *et seq.* The Health Care Financing Administration (HCFA) of the Department of Health and Human Services promulgates rules, issues guidelines, disburses matching funds and oversees the implementation of the Medicaid statute.

not subject to the control of the applicant or agency." SSA's delay in determining that claimant was eligible for SSI was beyond the control of claimant or AFS. AFS was therefore wrong when it asserted that it had to deny claimant's application. Morever, its action was not consistent with the federal regulation mandating time standards. 42 CFR § 435.911(e)(2) provides that AFS "must not use the time standards * * * [a]s a reason for denying eligibility (because it has not determined eligibility within the time standards)." An HCFA guideline clarifies the matter:

> "When a pending SSI/SSP eligibility determination is not made within the time limits for action on the Medicaid application, *the Medicaid application must be held in pending status. * * *.*" HCFA Regional Office Manual, part 6, § 2470A (June 1979), reprinted in 1980 *Medicaid and Medicare Guide* (CCH), ¶14,637 at 6465-41. (Emphasis supplied.)

We conclude that AFS made an error of law when it deemed claimant's application denied as of July 20, 1985, rather than in pending status. ORS 183.484(4)(a). AFS should have granted Medicaid benefits to claimant as of her initial date of application of May 21, 1985, and she should receive benefits retroactive to March 28, 1985.[5]

Reversed and remanded with instructions to grant Medicaid benefits to petitioner retroactive to March 28, 1985.

---

[5] Claimant also challenges AFS's policy of deferring determination of Medicaid eligibility until SSA's decision. Claimant argues that, as of March 28, 1985, she "would be eligible for, but [was] not receiving a category of aid [SSI]." ORS 414.025(2)(b). OAR 461-05-905(1)(d)(B), however, defines "categorically needy" to include "persons who are eligible for SSI * * * but *choose* not to receive SSI." (Emphasis supplied.) Claimant contends that this rule is inconsistent with the state statute and with the federal statute and rule. 42 USC § 1396a(10)(A)(II)(IV) ("who are eligible * * * to have paid with respect to them * * * [SSI]"); 42 CFR § 435.210 ("would be eligible for * * * SSI * * * but who are not receiving these benefits"). *See* HCFA's Medicaid Assistance Manual, § 4-30-10C, reprinted in 1980, *Medicaid and Medicare Guide* (CCH), ¶14,251 at 5953. AFS claims that its rule is consistent with federal law. Because of our disposition, we do not decide this question.